**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARIA LLANAS,

Plaintiff,

v. Case No. 8:25-cv-1497-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

## OPINION AND ORDER[1]

### I. Status

Maria Llanas ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of lupus, fibromyalgia, thyroid issues, numbness in her hands and feet, insomnia, and "various other conditions." Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed August 11, 2025, at 95, 102, 305. Plaintiff protectively filed an application for DIB on

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

August 27, 2021, alleging a disability onset date of January 1, 2018.[2] Tr. at 225-28. The application was denied initially, Tr. at 95-100, 101, 116-19, and upon reconsideration, Tr. at 102-07, 108, 128-30.[3]

On April 8, 2024, an Administrative Law Judge ("ALJ") held a hearing,[4] during which he took testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 40-61. On May 21, 2024, the ALJ issued a Decision finding Plaintiff not disabled through December 31, 2019, the date Plaintiff was last insured for DIB (the "DLI"). See Tr. at 15-24.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 223-24 (request for review). On April 8, 2025, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On June 10, 2025, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[2] The DIB application summary by the SSA is dated September 23, 2021. See Tr. at 225. The protective filing date for the DIB application is listed elsewhere in the administrative transcript as August 27, 2021. See, e.g., Tr. at 95, 102. The administrative transcript also contains adjudication paperwork pertaining to earlier-filed claims for DIB that are not at issue in this appeal. See Tr. at 62-70, 71-79, 80, 81, 82-93, 94.

[3] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[4] The hearing was held via telephone with Plaintiff's consent. Tr. at 42, 214. Plaintiff's primary language is Spanish, Tr. at 304, 395, so an interpreter appeared and translated the hearing, Tr. at 42.

On appeal, Plaintiff argues the ALJ failed to identify and properly evaluate Plaintiff's obesity despite objective evidence establishing it as a medically-determinable impairment. Memorandum in Opposition to the Commissioner's Decision (Doc. No. 19; "Pl.'s Mem."), filed December 10, 2025, at 3. On January 9, 2026, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 17-23. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 2018 through her [DLI] of December 31, 2019." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff through the DLI "had the following severe impairment: systemic lupus erythematosus (SLE)." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff through the DLI "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that Plaintiff had the following residual functional capacity ("RFC") through the DLI:

> [Plaintiff could] perform light work as defined in 20 CFR [§] 404.1567(b) except [Plaintiff] could frequently crouch, crawl, kneel, and stoop. [Plaintiff] could frequently climb ramps and stairs. [Plaintiff] could no more than occasionally climb ladders, ropes, or scaffolds.

Tr. at 18 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff through the DLI "was capable of performing past relevant work as a Medical Record Clerk . . . and an Appointment Clerk." Tr. at 22 (emphasis omitted). The ALJ then made alternative findings at the fifth and final step of the sequential inquiry. Tr. at 22-23. After considering Plaintiff's age ("54 years old . . . on the [DLI]"), education ("limited"), work experience, and RFC, the ALJ relied on the VE's testimony and found Plaintiff through the DLI could have performed "jobs that existed in significant numbers in the national economy," Tr. at 22, such as "Mail Clerk," "Merchandize Marker," and "Shellfish Preparer," Tr. at 23. The ALJ concluded Plaintiff "was not under a disability . . . from January 1, 2018, the alleged onset date, through December 31, 2019, the [DLI]." Tr. at 23 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial

evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in failing to find her obesity was a medically-determinable impairment and failing to evaluate it in accordance with Social Security Ruling ("SSR") 19-2p. Pl.'s Mem. at 3-7. Responding, Defendant contends that Plaintiff did not allege obesity as a basis for her alleged disability, and Plaintiff's weight over time decreased to below the threshold for obesity. Def.'s Mem. at 9. Moreover, argues Defendant, the treatment notes do not document that Plaintiff's "weight caused limitations in

her ability to work" beyond those that were included in the ALJ's assigned RFC. Id. (citations omitted).

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "This step is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected.'" Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (quoting McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986)).

"[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have

lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; see also Walker v. Comm'r, Soc. Sec. Admin., 835 F. App'x 538, 542 (11th Cir. 2020) (unpublished).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141; Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(c)). The Regulations provide six examples of "basic work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522; see also Walker, 835 F. App'x at 541-52. "The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 902 (11th Cir. 2011) (unpublished).

Any error in identifying severe impairments at step two is harmless if "the ALJ considered all of [the] impairments in combination at later steps in the evaluation process." Burgin, 420 F. App'x at 903 (citation omitted); see

Schink, 935 F.3d at 1268 (a step two error "could be harmless if the ALJ nevertheless proceeded in the sequential evaluation, duly considered [the claimant's] mental impairment when assessing his RFC, and reached conclusions about [the claimant's] mental capacities supported by substantial evidence"); Heatly, 382 F. App'x at 825 (stating that an "ALJ is required to demonstrate that [he or she] has considered all of the claimant's impairments, whether severe or not, in combination"); Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984) (finding that an ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination")

(citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

An ALJ "must consider the limiting effects of obesity when assessing a person's RFC." SSR 19-2p, 2019 WL 2374244, at *4 (SSA 2019). Because "[t]he combined effects of obesity with another impairment(s) may be greater than the effects of each of the impairments considered separately," the ALJ is to "consider all work-related physical and mental limitations, whether due to a person's obesity, other impairment(s), or combination of impairments." Id.

To determine whether obesity is a medically-determinable impairment, an ALJ "consider[s] objective medical evidence (signs, laboratory findings, or both) from an [acceptable medical source]." Id. at *3. An ALJ calculates an individual's body mass index ("BMI") "based on the medical evidence in the case record, even if the person's medical source(s) has not indicated that the person has obesity." Id. "In the medical community, obesity is defined as a BMI of 30.0 or higher," but "[n]o specific weight or BMI establishes obesity as a severe impairment within the disability program." Id. at *2. "When deciding whether a person has [a medically-determinable impairment] of obesity, [an ALJ] consider[s] the person's weight over time," and "as long as his or her weight, measured waist size, or BMI shows a consistent pattern of obesity," the ALJ should consider the individual to have it as a medically-determinable impairment. Id. at *3.

Here, the ALJ did not find obesity to be a severe impairment, and he did not discuss obesity in the Decision as a medically-determinable impairment. See Tr. at 17-22. As previously noted, in assessing the RFC, the ALJ assigned light work with additional restrictions. Tr. at 18.

Plaintiff cites three treatment records that are dated within the relevant time period (after the alleged onset date; prior to the DLI) that establish her BMI as just greater than the 30.0 threshold recognized in the medical community as meeting the definition of obesity. See Pl.'s Mem. at 4 (citing Tr. at 626 (February 22, 2018 BMI 30.04), 631 (May 21, 2018 BMI 30.53), 635 (June 15, 2018 BMI 30.12)).[6] Moreover, Plaintiff was assessed on August 15, 2018 as having a BMI of 30.0-30.9. Tr. at 637.

But, from August 23, 2018, continuing through the DLI, Plaintiff's BMI was well under the 30.0 threshold for obesity. On August 23, 2018, Plaintiff's BMI was documented at 28.79. Tr. at 638. On November 29, 2018, the BMI was 27.92. Tr. at 642. On February 28, 2019, the BMI was 27.96. Tr. at 648. On March 28, 2019, the BMI was 27.89. Tr. at 651. On May 2, 2019, the BMI was 27.92. Tr. at 655. On June 27, 2019, the BMI was 28.26. Tr. at 657. On October 10, 2019, the BMI was 28.57. Tr. at 662. On December 3, 2019, the BMI was 27.96. Tr. at 666. And, by January 20, 2020 (a few weeks after the DLI of

[6] Plaintiff also cites two notes dated years after the DLI. Pl.'s Mem. at 4 (citing Tr. at 1046, 1050). These notes are not particularly relevant in deciding the question at issue.

December 31, 2019), the BMI remained under the 30.0 obesity threshold at 28.94. Tr. at 668.

In sum, the evidence does not establish the sort of pattern discussed in SSR 19-2p for the ALJ to have determined Plaintiff had a medically-determinable impairment of obesity. To the contrary, the bulk of the records dated during the relevant time period show Plaintiff's BMI was under the threshold. In light of the circumstances, the ALJ did not commit reversible error in electing not to find obesity as a medically-determinable impairment and in not discussing the requirements in SSR 19-2p.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 22, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record